**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JASON & CASSANDRA THOMAS**                                        **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO. 4:25-CV-159-DMB-DAS**

**COMMUNICATION WORKERS OF AMERICA**
**LOCAL 3510**                                        **DEFENDANT**

**ORDER**

Before the court are several motions:

1.  Plaintiffs' *pro se* Motion for Entry of Default [Dkt. 8]

2.  Plaintiffs' *pro se* Motion to Strike Defendant's Answer [Dkt. 9]

3.  Defendant's Motion for Leave to Answer Out of Time [Dkt. 20]

4.  Plaintiffs' *pro se* Supplemental Motion for Judicial Review and Sanctions [Dkt. 23].

All of which are ripe for review.

This matter was initially filed in Leflore County Circuit Court and timely removed to this court. Defendant concedes it filed its answer two days late. It was filed, however, before Plaintiffs moved for an entry of default. As an answer had been filed, the clerk did not enter default. Out of abundance of caution, Defendant subsequently filed a Motion for Leave to Answer Out of Time. Because the record does not show Defendant failed to plead or otherwise defend as required for an entry of Default under Fed. R. Civ. P. 55, Plaintiffs' motion for entry of default is hereby denied. *See Deere & Co. v. Farmer*, 2016 WL 10920487, at \*1 (N.D. Miss. Dec. 14, 2016). As Defendant filed its answer only two days late, "the drastic measure of entry of default is not warranted." *Id.* Defendant's motion for leave to answer out of time is accordingly granted. Plaintiffs' motion to strike Defendant's answer is therefore denied.

Plaintiffs' motion for judicial review and sanctions appears to revolve predominantly around Plaintiffs' misunderstanding or misapplication of the legal process and the rules of procedure. Plaintiffs ask this court to sanction Defendants' in-house counsel, Robert Weaver, for improperly advising his client before being granted *pro hac vice* status in this proceeding. Plaintiffs essentially chide Defendants' local counsel, Joel Dillard, for "procedural irregularities." The court finds Plaintiffs have presented this court with no evidence of any unethical or nefarious behavior on the part of any of Defendant's counsel, much less any such behavior warranting sanctions.

Further, Plaintiffs argue defense counsel are in violation of Plaintiffs' "litigation hold letter" because counsel repeatedly attempt "off-record contact" with Plaintiffs rather than "rout[ing] all communication through formal filings." Specifically, Plaintiffs complain that defense counsel "initiated direct telephone contact referencing Rule 16 and Rule 26 matters outside court supervision." Plaintiffs appear to be laboring under the assumption that all communications between them and defense counsel must be through documents filed with the court or in the presence of the court. Plaintiffs are directed to the Federal Rules of Civil Procedure and the Local Uniform Civil Rules of the United States District Courts for the Northern District and the Southern District of Mississippi. As defense counsel aptly noted to Plaintiffs, Rules 16 and 26 expressly require counsel and unrepresented parties to confer. Plaintiffs are hereby on notice that continued efforts to obfuscate these proceedings or failures to prosecute their claims in good faith may result in sanctions against them, including dismissal of their claims. Their motion for sanctions is hereby denied.

**SO ORDERED**, this the 13th day of November, 2025.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**