**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JASON & CASSANDRA THOMAS**                                    **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 4:25-CV-159-JDM-DAS**

**COMMUNICATION WORKERS OF AMERICA**
**LOCAL 3510**                                    **DEFENDANT**

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

Before the court is Defendant's Motion to Compel [78], which has been fully briefed and is ripe for review.

The case-management order required Plaintiffs to serve their initial disclosures within fourteen days of February 18, 2026. Defendant served interrogatories and requests for production on February 19, 2026. Plaintiffs served initial disclosures and discovery responses in March. On April 23, 2026, Defendant sent a letter identifying the deficiencies it perceived in those materials. Its counsel thereafter made repeated attempts by email to schedule a conference. Although the parties continued to communicate, they did not resolve the disputes described in the motion.

Plaintiffs answer that they have participated in discovery in good faith, served revised materials, provided HIPAA authorizations, and continued to cooperate despite medical limitations. They also contend Defendant served its own discovery responses late and that those responses contain objections, disclaimers, and admissions bearing on the merits. Much of the response addresses Plaintiffs' claims concerning grievance handling, protected leave, job placement, seniority, and alleged unequal representation.

Rule 26(a)(1) requires a party, without awaiting a discovery request, to disclose the individuals likely to have discoverable information that the party may use to support its claims or

defenses and the subjects of that information; the documents or categories and locations of documents that the party may use to support its claims or defenses; and a computation of each category of damages claimed, together with the nonprivileged material on which each computation is based. Rule 26(e) requires timely supplementation when a disclosure or response is materially incomplete or incorrect.

Under Rules 33 and 34, interrogatories must be answered fully and under oath, and a response to a request for production must either permit inspection or state a specific objection and its reasons. An objection must also state whether responsive material is being withheld. Rule 37(a)(4) treats an evasive or incomplete disclosure, answer, or response as a failure to disclose, answer, or respond.

Defendant adequately attempted to confer before filing its motion. Its April 23 letter identified the disputed responses, and its counsel repeatedly sought a telephone conference. Plaintiffs' belief that the April 24 conference displaced those concerns does not make the later attempts to confer ineffective. Nor was Defendant required to wait for Plaintiffs to evaluate its June 12 discovery responses before seeking relief on deficiencies that had been identified weeks earlier.

Plaintiffs' objections to Defendant's discovery conduct do not excuse their own obligations. Discovery is not conditioned on reciprocal satisfaction, and a party may not withhold otherwise discoverable information because it believes an opponent's responses are incomplete. The merits-related matters discussed in the response may be important to the claims or defenses, but they do not answer whether the plaintiffs' disclosures and responses comply with the governing rules. The Court therefore addresses the disputed categories in turn.

Plaintiffs' initial disclosures are incomplete. Referring generally to names listed in an interrogatory response does not identify the subjects on which each person may have discoverable information or provide the contact information required by Rule 26(a)(1). Likewise, referring Defendant generally to the court docket, grievance records, union materials, communications, photographs, and supporting documentation does not identify with reasonable specificity the documents or categories and locations of documents that the plaintiffs may use.

The damages disclosure is also insufficient. A statement that damages will be determined later is not a computation. Plaintiffs must identify each category of damages they currently claim, explain the method of computation, provide the presently available figures, and produce or describe the supporting nonprivileged material. If a precise total cannot yet be calculated, they must provide the information presently available and explain what remains unknown and why. They must then supplement as additional information becomes available.

The responses to Interrogatories 1, 2, 3, 5, 6, 7, 8, and 12 are incomplete. Plaintiffs must provide the identifying information requested for each person and document, to the extent known after a reasonable inquiry. For documents already produced, Plaintiffs may identify them by Bates number or another unique designation rather than repeat every descriptive detail. For persons whose addresses or employment information are not known, Plaintiffs must say so and describe the reasonable inquiry made.

Interrogatory 6 requires the requested particulars for each known written or recorded statement. Interrogatory 7 requires, for each responsive communication, the participants, date or a good-faith estimate of the date, format, and purpose. A lack of perfect recollection does not permit a party to omit information that can be supplied to the best of that party's present knowledge. Interrogatory 8 requires each category of damages, its computation, and the

supporting documents. Interrogatory 12 requires Plaintiffs to identify the union members or representatives referenced in the cited complaint paragraphs, not merely to recast the allegation generally.

To the extent Interrogatories 1 and 3 seek Plaintiffs' present trial intentions, Plaintiffs need only answer based on information reasonably available now. Their duty to supplement remains.

Plaintiffs' identical response to all eighteen requests for production—incorporating general objections and promising to produce nonprivileged documents, if any—does not comply with Rule 34. Plaintiffs must serve a separate response to each request. Each response must state that responsive documents will be produced, that no responsive documents exist in the plaintiffs' possession, custody, or control after a reasonable search, or that specifically identified material is being withheld under a particular objection. Any objection must be stated with specificity and must explain its application to that request. Plaintiffs must organize and label produced documents to correspond to the requests, unless the documents are produced as kept in the usual course of business.

If Plaintiffs withhold responsive documents on a claim of privilege, they must expressly assert the privilege and provide enough information to permit the claim to be assessed without revealing the privileged matter. A blanket reference to attorney-client privilege, work product, or another protection is insufficient.

Plaintiffs must provide complete responses and produce all nonprivileged documents responsive to Requests for Production 1 through 18. Their general assertions concerning privacy, relevance, burden, proportionality, separate litigation, and privilege do not preserve an objection to any particular request. If they contend that a specific document or category is protected, they

must state the objection and its factual basis in the response to the request and identify whether any responsive material is being withheld.

For these reasons, Defendant's Motion to Compel is **GRANTED**. Within fourteen days of entry of this Order, Plaintiffs must serve: (1) corrected initial disclosures; (2) complete, separately numbered, and sworn supplemental answers to Interrogatories 1, 2, 3, 5, 6, 7, 8, and 12; and (3) request-specific supplemental responses and all responsive nonprivileged documents as to Requests for Production 1 through 18. The supplemental production must identify which documents respond to which requests or state that the documents are produced as kept in the usual course of business. Any privilege claim must be supported by an appropriate privilege log.

**SO ORDERED**, this the 24th day of July, 2026.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**