**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JASON & CASSANDRA THOMAS** **PLAINTIFFS**

**V.** **CAUSE NUMBER: 4:25-cv-159-JDM-DAS**

**COMMUNICATION WORKERS
OF AMERICA LOCAL 3510** **DEFENDANT**

**ORDER**

Pro se plaintiffs Jason and Cassandra Thomas appeal the magistrate judge's September 3, 2026 order directing they both appear in person to be deposed. [90, 95] *See* Fed. R. Civ. P. 72(a).

Finding no error—let alone the *clear* error required to set aside a magistrate judge's order—the Court affirms.

Federal rules are clear—"[a] magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting FED. R. CIV. P. 72(a)); *see also* 28 U.S.C. § 636(b)(1)(A). And here, the Thomases can point to no legal error.

Instead, in their appeal, they concede that depositions by remote means are not required. Under Federal Rule of Civil Procedure 30(b)(4), "[t]he parties *may* stipulate" to a remote deposition. (Emphasis added). Or the court "*may* on motion order . . . that a deposition be taken by telephone or other remote means." *Id.* (emphasis added). Here, the parties did not stipulate to a remote deposition. So whether to grant the Thomases' motion to attend their deposition remotely was a discretionary call for the magistrate judge to make.

The Thomases assert the magistrate judge abused that discretion by not taking into account their "specific limitations." But the Court's review of the magistrate judge's decision reveals the

judge *did* consider the Thomases' purported physical limitations and concerns and directed defense counsel to be as accommodating as reasonably possible. But ultimately, he concluded that, due to the number of exhibits and the likelihood disputes will arise during the depositions, the best course was for all parties to be together in person. *See Cressler v. Neuenschwander*, 170 F.R.D. 20, 22 (D. Kan. 1996) (finding the difficulty that would arise from identifying, marking, and utilizing numerous exhibits a "compelling" reason to deny a request for a telephonic deposition).

The Thomases also take issue with defense counsel's arguing that an in-person deposition would allow counsel to observe Jason Thomas and his movements and alleged conditions. But there is nothing underhanded about a lawyer wanting to eyeball the person who sued his client while asking him about his claims. In fact, the ability to observe a witness's body language and non-verbal cues "are *important* considerations in the decision to permit a telephonic deposition." *Id.*

Further, the reason the rules allow for remote depositions is *not* to shield a plaintiff or defendant from feeling anxiety or being physically present in the same room as opposing counsel. It is to cut down on expenses and allow for evolving technology. *See Advisory Committee Notes,* Fed. R. Civ. P. 30(b)(4).

And even in cases where the party taking the deposition and the deponent agree to a telephonic deposition, there is "no authority" that "would restrain the defendant from being present" during a telephonic or remote deposition. *Cressler*, 170 F.R.D. at 22. Indeed, any party has the right to be physically in the same room as the deponent. *See Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 77 (E.D. Pa. 2005) (noting the party opposing the telephonic deposition "can cure any prejudice they claim from failing to observe the deponents' demeanor by traveling to

California and New York (the deponents' respective residences) to participate in the depositions in person").

The bottom line is that deciding whether a deposition will be taken in person is the magistrate judge's call. And in no civil case is any plaintiff or defendant entitled to direct a concierge-type personalized litigation plan of their liking.

Further, this Court finds the magistrate judge's requirement of an in-person deposition will provide plaintiffs a practice-run and perhaps ultimately ease some of their anxiety about the ratcheted adversary pressures they may face during further stages of the litigation process.

Finding the magistrate judge's in-person deposition order to be wholly reasonable and amply supported by record evidence, the Court **AFFIRMS**.

The Thomases are directed to comply with the September 3, 2026 Order for In-Person Deposition.

**SO ORDERED**, this the 18th of September, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI