**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JASON & CASSANDRA THOMAS** **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 4:25-CV-159-JDM-DAS**

**COMMUNICATION WORKERS OF AMERICA**
**LOCAL 3510** **DEFENDANT**

# ORDER

Before the Court is Plaintiffs' Motion for Recusal of United States Magistrate Judge David A. Sanders Under 28 U.S.C. § 455(a) and Alternative Request for Clarification and Narrow Protective Terms [93], which has been fully briefed. Having considered the motion, the briefs, and the record, the Court finds the motion should be denied.

Under 28 U.S.C. § 455(a), a federal judicial officer must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The inquiry is objective, asking whether a reasonable, well-informed observer, knowing all the relevant circumstances, would harbor doubts about the judge's impartiality. *United States v. Jordan*, 49 F.3d 152, 155–56 (5th Cir. 1995). The statute does not require proof of actual bias or an improper motive. Rather, it seeks to preserve public confidence in the judiciary by requiring disqualification when the circumstances create an objectively reasonable appearance of partiality. Nevertheless, the standard is not satisfied by a party's subjective belief that the court has treated it unfairly. The perspective is that of a well-informed, thoughtful, and objective observer, rather than one who is hypersensitive, cynical, or suspicious. *Id.*

The Supreme Court has also recognized that "judicial rulings alone almost never constitute a valid basis for [recusal]." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise, opinions formed or remarks made during judicial proceedings ordinarily do not establish disqualifying bias unless they reveal such deep-seated favoritism or antagonism that fair judgment would be impossible. *Id*. The fact that a judicial officer has ruled against a party, expressed disagreement with

an argument, or exercised discretion in managing litigation does not, without more, reasonably call impartiality into question.

Plaintiffs contend that a cumulative series of events in this litigation creates an appearance of partiality. They identify disputes over access to employment and medical records, discovery concerning their medical conditions, the handling of discovery productions, electronic filing procedures, comments allegedly made during telephonic conferences, and the Court's decision requiring Plaintiffs to appear in person for their depositions. Plaintiffs emphasize that they do not rely on any single ruling or comment as independently establishing bias but instead ask the Court to consider the entire sequence of events. They further clarify in their reply that they do not allege corruption or actual personal bias and do not contend that § 455(a) requires proof of either.

The Court agrees that Plaintiffs have correctly identified the objective nature of the § 455(a) inquiry and that the circumstances they identify must be considered collectively rather than in isolation. Accordingly, the Court has considered Plaintiffs' allegations and sworn recollections, the procedural history of this litigation, the challenged rulings, and the comments attributed to the undersigned, both individually and cumulatively. Even considered in their entirety, however, these circumstances would not cause a reasonable, well-informed observer to question the Court's impartiality.

Plaintiffs first rely on several statements allegedly made during telephonic conferences. Among other things, they recall the Court interrupting defense counsel, making a remark about "shoot[ing] from the hip," advising Plaintiffs that they did not need to explain the law because the Court was familiar with it, and observing that Plaintiffs had chosen to initiate this litigation. Plaintiffs acknowledge that their recollections are not certified transcripts and that they do not profess to know the Court's subjective intent in making the statements. Defendant offers alternative interpretations of the remarks, which Plaintiffs contend cannot establish what the Court actually meant.

The Court need not resolve the parties' competing interpretations of these statements. Accepting Plaintiffs' recollections for purposes of the motion, the alleged remarks arose during judicial proceedings concerning contested issues and do not objectively demonstrate favoritism toward Defendant or antagonism toward Plaintiffs. Judicial officers necessarily exercise discretion in conducting conferences, directing discussions, and managing the presentation of arguments. A comment that a party need not recite the law to the Court, or an observation that initiating litigation carries corresponding procedural obligations, does not establish partiality merely because a litigant perceives the comment as dismissive or unfavorable. Nor do the other statements attributed to the Court, considered in context or together, reasonably suggest an inability or unwillingness to adjudicate this matter impartially.

Plaintiffs also contend that the Court has applied procedural requirements unevenly, particularly in connection with the parties' respective discovery motions, good-faith certificates, and document-production obligations. They point to Defendant's discovery filings, including certificates that were not signed by Plaintiffs, and contrast the Court's treatment of those filings with the requirements imposed on Plaintiffs. They likewise challenge the Court's handling of medical discovery, electronic filing issues, and the organization and identification of documents produced in discovery.

These allegations concern the Court's management of discovery and its interpretation and application of procedural rules. Plaintiffs may disagree with those decisions and may seek appropriate review of rulings they believe erroneous. But a disagreement over whether particular discovery obligations or procedural requirements were correctly or consistently applied does not, without additional circumstances suggesting favoritism or antagonism, establish an objectively reasonable basis for recusal.. The Court has considered Plaintiffs' assertion that the alleged differences in procedural treatment are significant when viewed together. Nevertheless, the identified circumstances remain disputes over rulings and litigation-management decisions, not evidence of an

appearance of partiality sufficient to require disqualification under § 455(a). *See Liteky*, 510 U.S. at 555 ("[J]udicial rulings . . . are proper grounds for appeal, not for recusal.").

Much of Plaintiffs' motion concerns the Court's September 3, 2026b order [90] requiring them to appear in person for their depositions. Plaintiffs contend that the Court gave insufficient consideration to Jason Thomas's mobility limitations, medical concerns, and related accommodation requests. They also object to defense counsel's expressed interest in observing Jason Thomas's physical movements and demeanor during an in-person deposition. Plaintiffs maintain that the Court's comments and resulting ruling contributed to their perception that Defendant's interests were being favored over their own.

Following entry of that order, Plaintiffs sought review by the district judge under Federal Rule of Civil Procedure 72(a). On September 18, 2026, the district judge affirmed the decision, concluding that the undersigned had considered Plaintiffs' asserted limitations and concerns, directed that reasonable accommodations be made, and permissibly determined that the anticipated number of exhibits and likelihood of disputes favored conducting the depositions in person. The district judge also addressed Plaintiffs' objection concerning defense counsel's ability to observe Jason Thomas and found no error in the Court's exercise of discretion [100].

The Court recognizes, as Plaintiffs correctly observe in their reply, that the district judge's affirmance under Rule 72(a) does not resolve the separate question presented by § 455(a). Whether a discovery order is clearly erroneous or contrary to law is a distinct inquiry from whether a reasonable observer, considering the full circumstances, would question the judicial officer's impartiality. The Court therefore does not regard the district judge's affirmance as dispositive of the recusal motion. Nevertheless, the affirmance remains relevant to the objective context because it confirms that the deposition ruling, one of the principal events underlying Plaintiffs' concerns, rested on a permissible and record-supported exercise of judicial discretion. Neither that ruling nor the comments and proceedings surrounding it establish an objectively reasonable appearance of partiality.

The subsequent record also reflects that the Court has considered circumstances warranting adjustments to the litigation schedule. On September 21, 2026, after Plaintiffs reported an immediate family medical emergency, the Court granted their request to postpone the depositions, extended the discovery and motion deadlines, and provided additional time for the depositions to occur [101]. Although that order did not disturb the previously affirmed requirement that the depositions be conducted in person, it accommodated the particular circumstances presented.

Plaintiffs' reply reiterates that the relevant inquiry concerns the cumulative appearance created by the proceedings rather than whether any individual event independently establishes disqualifying bias. The Court has considered that argument. It has also considered Plaintiffs' contention that Defendant's explanations of the challenged comments and rulings cannot substitute for an objective evaluation of the record. The Court agrees that Defendant's characterization of the undersigned's intent does not control the § 455(a) analysis. But neither do Plaintiffs' subjective interpretations. The question remains whether the circumstances, viewed objectively and collectively, provide a reasonable basis to question impartiality. They do not.

The Court recognizes that Plaintiffs strongly disagree with several discovery rulings and believe that the procedural burdens imposed upon them have been inconsistent with those imposed upon Defendant. The record also demonstrates that this litigation has involved substantial discovery disputes and repeated requests for judicial intervention. Such circumstances may understandably produce frustration and disagreement. They do not, however, establish that the Court has favored one side or pre-judged the merits. Having considered the entire sequence identified by Plaintiffs, the Court finds no objectively reasonable basis upon which a well-informed observer would question the undersigned's impartiality.

Finally, Plaintiffs originally requested alternative clarification and narrowly tailored protective terms concerning their depositions and related discovery matters. In their reply, however, they expressly acknowledge the district judge's affirmance of the in-person deposition requirement

and the Court's subsequent order addressing the scheduling of those depositions. They further clarify that they do not seek to revisit the deposition ruling or protective relief previously decided and request only a determination of the recusal issue. Accordingly, no further consideration of those alternative requests is necessary in resolving the present motion.

For the foregoing reasons, Plaintiffs' Motion for Recusal [93] is **DENIED**. The undersigned will continue to preside over the matters referred to him, and the parties shall comply with all existing orders of the Court.

**SO ORDERED**, this the 6th day of October, 2026.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**