**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JASON & CASSANDRA THOMAS** **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 4:25-CV-159-JDM-DAS**

**COMMUNICATION WORKERS OF AMERICA**
**LOCAL 3510** **DEFENDANT**

**ORDER**

Before the Court is Plaintiffs' Motion to Compel Complete Discovery Responses, Correct Interrogatory Verification, Address Untimely Supplemental Production, and Clarify Initial Disclosures [91], which has been fully briefed. Having considered the motion, briefs, and applicable rules, the Court finds the motion should be denied without prejudice.

Plaintiffs raise a number of discovery complaints concerning Defendant's responses to Requests for Production Nos. 1, 4, 8, 9, 11, and 12 and Interrogatories Nos. 3, 4, 5, 6, 17, and 20. They also challenge the form of Defendant's verification of its interrogatory responses, the manner in which Defendant has identified previously produced documents, the timing and production history of a July 17, 2025, letter concerning Jason Fant's grievance, and Defendant's initial disclosure concerning insurance. Defendant maintains that it has produced the responsive documents in its possession, has adequately answered the disputed interrogatories, and has no additional responsive documents as to certain requests. Defendant also contends that the motion should be denied because Plaintiffs did not comply with the required procedure for resolving discovery disputes before seeking judicial intervention.

Local Rule 37 requires parties to make a good-faith effort, via conference, to resolve discovery disputes before filing a motion to compel. The Court's Case Management Order likewise directs the parties to confer before presenting a discovery dispute to the Court.

Defendant points out that Plaintiffs did not submit the required good-faith certificate and that their effort immediately preceding the motion consisted of written correspondence sent on September 8, 2026. Defendant further notes that the Court had directed the parties to confer in person or by telephone rather than exclusively through email.

Plaintiffs respond that procedure should not eclipse the merits of their discovery complaints. They emphasize that their September 8 correspondence identified the perceived deficiencies in considerable detail and contend that Defendant had sufficient notice of the matters in dispute. They also point to prior discovery motions filed by Defendant in which good-faith certificates were signed only by defense counsel and not by Plaintiffs. Plaintiffs argue that Defendant should not now rely on the absence of their signatures or on a technical deficiency in a good-faith certificate to avoid consideration of the merits.

The Court agrees with Plaintiffs to this extent: the present motion is not denied merely because a particular certificate was unsigned, incomplete, or otherwise technically deficient. The Court has previously considered opposed discovery motions notwithstanding the absence of both sides' signatures on a good-faith certificate. The issue here, however, is different.

The deficiency is substantive rather than merely formal. The Court required the parties to confer before filing discovery motions, and the record does not reflect that Plaintiffs completed the required conference—or even attempted a conference—before filing the present motion. Their September 8 written correspondence identified numerous issues and requested supplementation and clarification, but written correspondence alone does not satisfy the Court's directive that the parties actually confer by telephone or in person before presenting the dispute for judicial resolution. Defendant's prior motion to compel therefore does not establish that the Court has excused the substantive conference requirement presented here. The fact that a court

may overlook a defect in the form or execution of a certificate does not render the underlying obligation to confer meaningless.

That requirement is particularly important in this case because the present motion combines numerous discrete disputes, several of which appear capable of substantial narrowing through direct discussion between the parties. Defendant states, for example, that it has no responsive documents to Requests for Production Nos. 4 and 8 and that it has produced or will produce responsive documents in its possession as to Requests Nos. 9, 11, and 12. Defendant likewise maintains that it has answered the disputed interrogatories and that Plaintiffs' objections largely reflect dissatisfaction with, or misunderstanding of, those answers. A meaningful conference would allow the parties to determine whether Defendant is asserting that no additional responsive information exists, whether particular documents have already been produced, whether any responsive material is being withheld on an objection, and what information Plaintiffs contend remains unanswered.

The Court does not conclude that every issue identified by Plaintiffs lacks merit. Indeed, the record reflects several matters that may warrant clarification if they remain disputed after the parties confer. First, Plaintiffs raise a concrete question concerning the July 17, 2025, Fant grievance letter. Defendant's June 12 response to Request for Production No. 1 represented that the requested grievance documents had already been produced. Defendant later supplied the Fant letter as an additional document. Plaintiffs now seek to know whether the letter had previously been produced and, if so, where; if not, why it was produced only later; and whether any additional responsive grievance records remain outstanding. Those are proper subjects for clarification between the parties before court intervention.

Second, Plaintiffs challenge the organization and traceability of Defendant's production under Rule 34. They contend that Defendant produced grouped stacks and loose papers without sufficient request-specific identification and argue that the production should either reflect the manner in which the documents are kept in the usual course of business or be organized and labeled to correspond to the requests. Defendant responds that its production was adequate. Again, the parties should first clarify whether Defendant is relying on the "usual course of business" method, whether responsive documents can be identified by some other usable designation, and precisely what remains disputed.

Third, Plaintiffs raise a specific concern regarding William Pickle's verification of Defendant's interrogatory answers. Plaintiffs acknowledge that Pickle signed the verification but contend that the filed document does not visibly contain an oath, jurat, notarization, or declaration under penalty of perjury satisfying 28 U.S.C. § 1746. They request either the separate oath documentation, if it exists, or a corrected verification. Defendant itself recognizes that the form of the Rule 33 verification was an appropriate matter for discussion between the parties. The Court agrees.

Finally, Plaintiffs have more specifically identified what they contend remains unanswered in Interrogatories Nos. 3, 4, 5, 6, 17, and 20, particularly concerning Local 3510's own knowledge of, participation in, or response to the recall and placement decision and the absence of a grievance concerning that event. Defendant maintains that it has responded with the information available to it. A proper conference should enable the parties to determine whether the disagreement concerns genuinely omitted information, the sufficiency of an answer after reasonable inquiry, or simply a disagreement over the substance of the answer given.

The existence of these *potentially* legitimate disputes does not excuse the failure to confer. It reinforces the reason for the rule. The conference requirement is intended to permit the parties to isolate the actual points of disagreement, eliminate issues that can be resolved through clarification, and present only genuine and specific disputes to the Court. Accordingly, Plaintiffs' Motion to Compel [91] is DENIED WITHOUT PREJUDICE.

The parties are directed to confer in the manner previously required by the Court concerning the issues raised in Plaintiffs' motion—*i.e.*, either in person or by teleconference. The conference must be substantive and must address the disputed discovery requests individually. With respect to requests for production, Defendant should clarify, as appropriate, whether responsive documents have been produced, whether additional responsive documents exist within its possession, custody, or control, whether any responsive documents are being withheld on the basis of an objection, and how previously produced materials correspond to the requests at issue. With respect to the interrogatories, the parties should identify the particular information Plaintiffs contend remains unanswered and whether Defendant maintains that no further responsive information is known or reasonably available after inquiry. The parties should also address the Rule 33 verification, the production history of the Fant letter, and any remaining dispute concerning Defendant's insurance disclosure.

Nothing in this Order determines that Defendant's existing responses are deficient, that additional documents necessarily exist, that Defendant's supplemental production was untimely, or that sanctions or other relief under Rule 37 are warranted. Those issues are not reached at this time.

If a genuine discovery dispute remains after the required conference, Plaintiffs may renew their motion. Any renewed motion must comply with Local Rule 37 and the Court's prior

orders and must identify with specificity each unresolved discovery request, Defendant's response, the precise remaining dispute, and the parties' positions following their conference. Matters resolved during the conference should not be included.

Because the Court denies the motion without prejudice based on the failure to complete the required conferral process and does not presently resolve the merits of the individual discovery disputes, an award of expenses is not warranted at this time.

The Court, on at least two prior occasions,[1] directed Plaintiffs to actively confer in good faith. If Plaintiffs fail to confer in person or by teleconference with defense counsel regarding the matters raised herein, the undersigned will recommend that this cause be dismissed with prejudice for failure to obey a court order. *See Worrell v. Houston Can! Academy*, 424 Fed. Appx. 330 (5th Cir. 2011); *Romero v. ABC Ins., Co.*, 320 F.R.D. 36, 41-42 (W.D. La. 2017).

**SO ORDERED**, this the 6th day of October, 2026.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**

[1] *See* [27] and [40].